IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00526-PAB-MJW

RICHFIELD HOSPITALITY, INC., a Colorado corporation,

 Plaintiff,

v.

SHUBH HOTELS PITTSBURGH, LLC, a Florida limited liability company,
SHUBH HOTELS DETROIT, LLC, a Florida limited liability company, and
ATUL BISARIA, an individual,

 Defendants.

---

## ORDER

---

This matter is before the Court on the motion for entry of default judgment [Docket No. 17] and suggestion of bankruptcy of defendant Shubh Hotels Pittsburgh, LLC and supplement to motion for entry of default judgment [Docket No. 22].

Plaintiff Richfield Hospitality, Inc. ("Richfield") initiated this action on March 5, 2010.  *See* Docket No. 1.  Richfield filed an amended complaint on March 19, 2010 and served a copy of it on all three defendants on April 26, 2010.  *See* Docket Nos. 9, 10, 11.  Because the defendants "failed to plead or otherwise defend," Richfield moved for entry of default on June 14, 2010.  *See* Docket No. 15.  Before the Clerk of the Court entered default, Richfield separately filed its motion for default judgment.  *See* Docket No. 17.  The Clerk of the Court filed an entry of default on June 28, 2010.  *See* Docket No. 21.

Upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See Olcott v. Delaware Flood Co.,* 327 F.3d 1115, 1125 (10th Cir. 2003); *see also* 10A Charles Wright, Arthur Miller & Mary Kane, Federal Practice & Procedure § 2688 (3d ed. 2010). In this case, those allegations include, *inter alia,* that Richfield performed management services at a Pittsburgh, Pennsylvania hotel owned by Shubh Hotels Pittsburgh, LLC ("Shubh Pittsburgh") and a Detroit, Michigan hotel owned by Shubh Hotels Detroit, LLC ("Shubh Detroit"). Defendant Atul Bisaria is the President of both Shubh Pittsburgh and Shubh Detroit.

On April 7, 2006, Richfield entered into the Pittsburgh Management Agreement with Shubh Pittsburgh which governed Shubh Pittsburgh's payment obligations to Richfield for services rendered between May 1, 2006 and April 30, 2008 at the Pittsburgh hotel. In 2006 and 2007, both Shubh Pittsburgh and Shubh Detroit failed to meet all of their payment obligations. As a result, defendant Bisaria, on behalf of himself and the relevant corporate defendant, executed two promissory notes agreeing to meet the payment obligations of Shubh Pittsburgh (the "Pittsburgh Note") and Shubh Detroit (the "Detroit Note") on or before August 31, 2009. In March 2009, defendant Bisaria and Richfield amended and extended the Pittsburgh Management Agreement. Bisaria "affirmed Shubh Pittsburgh's obligations to Richfield . . . and reaffirmed the obligation to pay the balance due on the Pittsburgh Note." Docket No. 4 at 5, ¶ 22. As consideration, "Richfield agreed to forego its management fees for April through July 2009, provided the balance of the Pittsburgh Note was paid by July 31, 2009," Docket No. 4 at 5, ¶ 22, one month sooner than had been required under the Pittsburgh Note. Defendants did not meet their payment obligations. The present lawsuit followed.

2

No defendant has sought relief from the entry of default or otherwise attempted to participate in this litigation.  Therefore, Richfield seeks default judgment.  In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55:  first, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a); second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b). *Williams v. Smithson*, No. 95-7019, 1995 WL 365988 at *1 (10th Cir. June 20, 1995) (unpublished table opinion) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2nd Cir. 1981)); *Nasious v. Nu-Way Real Estate*, No. 07-cv-01177-REB-MEH, 2008 WL 659667, at *1 (D. Colo. Mar. 6, 2008).  Failure to successfully complete the first step of obtaining an entry of default necessarily precludes the granting of default judgment in step two. *See Williams*, 1995 WL 365988, at *1; *Nasious*, 2008 WL 659667, at *1.  Although Richfield sought entry of default judgment prior to completion of the first step of the aforementioned process, default has since been entered.  Therefore, the Court turns to the requirements of Rule 55(b).

The decision to enter default judgment is "'committed to the district court's sound discretion . . . .'"  *Olcott v. Del. Flood Co.,* 327 F.3d 1115, 1124 (10th Cir. 2003) (quoting *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.,* 115 F.3d 767, 771 (10th Cir. 1997)).  When exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits."  *Ruplinger v. Rains,* 946 F.2d 731, 732 (10th Cir.1991) (quotations marks and citations omitted).  "The default judgment must normally be viewed as available only when the adversary process has been halted

because of an essentially unresponsive party." *Id.*  It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id.* at 733.  In this case, defendants' failure to respond has thwarted the ability of the Court to resolve the matter on the merits.

In light of this unresponsiveness, Richfield seeks entry of default judgment by the Clerk of the Court pursuant to Federal Rule of Civil Procedure 55(b)(1), which provides that "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk  – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."  Richfield filed an affidavit showing the sum certain due from the defaulted defendants.  The entry of default judgment by the Clerk of the Court pursuant to Federal Rule of Civil Procedure 55(b)(1) would, therefore, appear to be appropriate without any additional action by the Court.  Richfield, however, chose to seek entry of default judgment on its first two claims, which arise out of breaches of the Detroit Note and Pittsburgh Note, but not its third and fourth claims, which are brought against Shubh Pittsburgh and relate to the Pittsburgh Management Agreement.

Therefore, Richfield's motion implicates Federal Rule of Civil Procedure 54(b). Pursuant to Rule 54(b), the Court may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  In determining whether to enter judgment pursuant to Rule 54(b), the Court is to "weigh[] Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal."  *Stockman's Water*

4

*Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005).  In its motion,

Richfield informed the Court that it would be filing a motion for default judgment on its

remaining claims.  *See* Docket No. 17 at 3, ¶ 10.  Upon the filing of that motion, the

Court could have taken up both motions, thus assuring compliance with the "policy of

preventing piecemeal appeals."  *Stockman's Water*, 425 F.3d at 1265.  Richfield,

however, never filed a motion seeking default judgment on its third and fourth claims for

relief.  In the interim, defendant Shubh Pittsburgh filed for bankruptcy, thus staying

Richfield's claims against it pursuant to 11 U.S.C. § 362.  As a result, the analysis now

turns on whether judgment pursuant to Rule 54(b) should enter against the non-

bankrupt parties in this case on the two promissory note claims, i.e., Bisaria and Shubh

Detroit on Count 1 and Bisaria on Count 2.

In addressing that question, the Court must "clearly articulate" the reasons

supporting any determination that entry of judgment pursuant to Rule 54(b) is

warranted.  *See Stockman's Water*, 425 F.3d at 1265 (quoting *Old Republic Ins. Co. v.

Durango Air Serv., Inc.*, 283 F.3d 1222, 1225 n. 5 (10th Cir. 2002)) (quotation marks

omitted).   The analysis must include "two express determinations," *Oklahoma Turnpike

Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001): (1) that the judgment is final, and

(2) that there is no just reason for delay.  *See Stockman's Water*, 425 F.3d at 1265

(citing *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980)).

To be a final judgment for purposes of Rule 54(b), the claims resolved must be

"distinct and separable from the claims left unresolved."  *Oklahoma Turnpike*, 259 F.3d

at 1243.  Here, Richfield seeks default judgment on its first and second claims for relief,

which relate to the Detroit Note and the Pittsburgh Note, respectively.  From a review of

the Pittsburgh Note and Richfield's first amended complaint,[1] however, plaintiff's

Pittsburgh Note claim (Count 2) and its claim arising out of the Pittsburgh Management

Agreement (Count 3) appear to overlap.  Both relate to services Richfield rendered

between 2006 and 2009 at the Pittsburgh location for which it has not received

payment.[2]  The March 2009 amended Pittsburgh Management Agreement specifically

incorporates, and appears to modify, the payment obligations governed by the

Pittsburgh Note.  If the Pittsburgh Management Agreement claims were separately

appealed, the Tenth Circuit would likely have to "go over the same ground that it had

covered" in an any appeal of the entry of judgment on the Pittsburgh Note claim.

*Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005) (citations omitted).  To that extent, it

is not a "distinct and separable" claim.  Moreover, Richfield has not explained why it

chose not to seek default judgment on all claims arising out of management services it

provided at the Pittsburgh location.  Without such an explanation, the Court finds no

basis to conclude that there is "no just reason for delay," Fed. R. Civ. P. 54(b), of the

resolution of Richfield's Pittsburgh Note claim.

    With that said, the Court finds that Richfield's Detroit Note claim (Count 1), which

is brought against the two non-bankrupt defendants, is distinct from Richfield's other

claims and that there is no just reason to delay the entry of judgment on that claim.

---

    [1]Richfield did not provide the Court with a copy of the Pittsburgh Management
Agreement or the March 2009 amendment.

    [2]Plaintiff's fourth claim for relief also relates to services it provided at the
Pittsburgh location.

This claim arises from management services and payment obligations at different location than those underlying the Pittsburgh Note and Pittsburgh Management Agreement claims.  The Detroit Note does not appear to implicate, or to have been incorporated into, the other agreements.  Moreover, in the absence of a default judgment against defendants Bisaria and Shubh Detroit on the first claim for relief, Richfield will be required to wait until the termination of the separate bankruptcy proceedings relating to Shubh Pittsburgh.  In *B and B Assocs. v. Fonner*, 700 F. Supp. 7 (S.D.N.Y. 1988), the Court concluded that there was no just reason to delay resolution of an unrelated claim against a non-bankrupt party where it was "not clear when the bankruptcy stay . . . will be lifted."  *Id.* at 9.  In this case, as in *Fonner*, "to refuse entry of final judgment against [the non-bankrupt party] would have the effect of preventing plaintiff for an indefinite period from recovering against one defendant clearly liable to plaintiff merely because another defendant is in bankruptcy."  *Id.*  Therefore, it is

**ORDERED** that plaintiff Richfield Hospitality, Inc.'s motion for entry of default judgment [Docket No. 17] is GRANTED in part and DENIED in part.  It is further

**ORDERED** that the portion of plaintiff's motion seeking default judgment as to Count 1 of the First Amended Complaint is granted.  The Clerk of the Court shall enter judgment in favor of plaintiff and against defendants Bisaria and Shubh Detroit as to Count 1 of the First Amended Complaint pursuant to Federal Rule of Civil Procedure 54(b)(1) for the sum certain reflected in the affidavit filed by plaintiff in support of its motion [Docket No. 17-2].  It is further

**ORDERED** that the portion of plaintiff's motion seeking entry of default judgment as to Count 2 of the First Amended Complaint is denied.  It is further

**ORDERED** that plaintiff's motion for a hearing [Docket No. 23] is denied as moot.


DATED December 9, 2010.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge