IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00526-PAB-MJW

RICHFIELD HOSPITALITY, INC., a Colorado corporation,

    Plaintiff,

v.

SHUBH HOTELS DETROIT, LLC, a Florida limited liability company, and
ATUL BISARIA, an individual,

    Defendants.

_____

**ORDER**
_____

    This matter is before the Court on plaintiff's Motion to Address Specific Dollar Amount of December 10, 2010 Judgment Against Atul Bisaria on the Detroit Note ("Motion to Address Specific Dollar Amount") [Docket No. 36], as well as the Motion for Entry of Default Judgment Against Defendant Shubh Hotels Detroit, LLC [Docket No. 37] and Motion for Entry of Default Judgment Against Defendant Atul Bisaria on the Pittsburgh Note [Docket No. 38] ("Motions for Entry of Default Judgment").

**I. MOTION TO ADDRESS SPECIFIC DOLLAR AMOUNT**

    On December 10, 2010, judgment entered against defendant Atul Bisaria "for the sum certain reflected in the affidavit filed by plaintiff in support of its motion filed June 22, 2010." Docket No. 25 at 1. Judgment also entered against defendant Shubh Hotels Detroit, LLC ("Shubh Detroit"), but the Court vacated the judgment as to Shubh Detroit on June 16, 2011. See Docket No. 31. In its present motion, plaintiff seeks to have the judgment as to defendant Bisaria amended so as to "state on its face the

specific dollar amount of the judgment and to update the judgment to reflect interest and fees due to date." Docket No. 36 at 3. The Court finds that there is good cause to grant that request.

## II. MOTIONS FOR ENTRY OF DEFAULT JUDGMENT

Plaintiff Richfield Hospitality, Inc. ("Richfield") initiated this action on March 5, 2010. *See* Docket No. 1. Richfield filed an amended complaint on March 19, 2010 and served a copy of it on the defendants on April 26, 2010. *See* Docket Nos. 9, 10, 11. Because the defendants "failed to plead or otherwise defend," Fed. R. Civ. P. 55(a), Richfield moved for entry of default on June 14, 2010. *See* Docket No. 15. The Clerk of the Court filed an entry of default on June 28, 2010. *See* Docket No. 21.

Upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See Olcott v. Delaware Flood Co.,* 327 F.3d 1115, 1125 (10th Cir. 2003); *see also* 10A Charles Wright, Arthur Miller & Mary Kane, Federal Practice & Procedure § 2688 (3d ed. 2010). In this case, those allegations include, *inter alia,* that Richfield performed management services at a Pittsburgh, Pennsylvania hotel owned by Shubh Hotels Pittsburgh, LLC ("Shubh Pittsburgh")[1] and a Detroit, Michigan hotel owned by defendant Shubh Hotels Detroit, LLC ("Shubh Detroit"). Defendant Atul Bisaria is the President of both Shubh Pittsburgh and Shubh Detroit.

On April 7, 2006, Richfield entered into the Pittsburgh Management Agreement with Shubh Pittsburgh which governed Shubh Pittsburgh's payment obligations to Richfield for services rendered between May 1, 2006 and April 30, 2008 at the

---

[1] On June 15, 2011, the Court granted [Docket No. 32] plaintiff's motion to dismiss all claims against Shubh Pittsburgh [Docket No. 30].

Pittsburgh hotel.  In 2006 and 2007, both Shubh Pittsburgh and Shubh Detroit failed to meet all of their payment obligations.  As a result, defendant Bisaria, on behalf of himself and the relevant corporate defendant, executed two promissory notes agreeing to meet the payment obligations of Shubh Pittsburgh (the "Pittsburgh Note") and Shubh Detroit (the "Detroit Note") on or before August 31, 2009.  In March 2009, defendant Bisaria and Richfield amended and extended the Pittsburgh Management Agreement.  Bisaria "affirmed Shubh Pittsburgh's obligations to Richfield . . . and reaffirmed the obligation to pay the balance due on the Pittsburgh Note."  Docket No. 4 at 5, ¶ 22.  As consideration, "Richfield agreed to forego its management fees for April through July 2009, provided the balance of the Pittsburgh Note was paid by July 31, 2009," Docket No. 4 at 5, ¶ 22, one month sooner than had been required under the Pittsburgh Note.  Defendants did not meet their payment obligations.  The present lawsuit followed with plaintiff bringing a claim for relief arising out of each note.  Count one (Detroit Note) remains pending against defendant Shubh Hotel, and count two (Pittsburgh Note) remains pending against defendant Bisaria. Neither defendant has sought relief from the entry of default or otherwise attempted to participate in this litigation.  Therefore, Richfield seeks default judgment on the remaining claims.

In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55:  first, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a); second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b).  *Williams v. Smithson*, No. 95-7019, 1995 WL 365988 at *1 (10th Cir. June 20, 1995) (unpublished table opinion) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2nd

Cir. 1981)); *Nasious v. Nu-Way Real Estate*, No. 07-cv-01177-REB-MEH, 2008 WL 659667, at *1 (D. Colo. Mar. 6, 2008). Failure to successfully complete the first step of obtaining an entry of default necessarily precludes the granting of default judgment in step two. *See Williams*, 1995 WL 365988, at *1; *Nasious*, 2008 WL 659667, at *1. Although Richfield sought entry of default judgment prior to completion of the first step of the aforementioned process, default has since been entered. Therefore, the Court turns to the requirements of Rule 55(b).

The decision to enter default judgment is "'committed to the district court's sound discretion . . . .'" *Olcott v. Del. Flood Co.,* 327 F.3d 1115, 1124 (10th Cir. 2003) (quoting *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.,* 115 F.3d 767, 771 (10th Cir. 1997)). When exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains,* 946 F.2d 731, 732 (10th Cir.1991) (quotations marks and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id.* at 733. In this case, defendants' failure to respond has thwarted the ability of the Court to resolve the matter on the merits.

In light of this unresponsiveness, Richfield seeks entry of default judgment by the Clerk of the Court pursuant to Federal Rule of Civil Procedure 55(b)(1), which provides that "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount

due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Richfield has filed affidavits showing the sum certain due from the defaulted defendants, and the Court finds that Richfield has alleged facts supporting judgment on its remaining claims against defendants Shubh Detroit and Bisaria.

### III. JOINT AND SEVERAL LIABILITY ON THE DETROIT NOTE

In describing the judgments it seeks under the Detroit Note against both Shubh Detroit and Bisaria, Richfield omits reference to the award being entered jointly and severally against Shubh Detroit and Bisaria, *see* Docket No. 36 at 9; Docket No. 37 at 12, despite acknowledging that "Shubh Detroit and Bisaria are jointly and severally liable for amounts owing under the Detroit Note." *See* Docket No. 37 at 6, ¶ 11. The Court will make this change to the judgments proposed by Richfield.

### IV. ATTORNEYS' FEES AND COSTS

In addition to the principal and interest owed pursuant to the notes, Richfield also seeks awards of its attorneys' fees and costs pursuant to the terms of the promissory notes. Richfield asserts that it has charged a reasonable rate for time reasonably expended in seeking default judgment against the remaining parties to this action. *See United States ex rel. Maxwell v. Kerr-McGee Oil & Gas Corp.*, No. 04-cv-01224-MSK-CBS, --- F.Supp.2d ----, 2011 WL 2174413, at *2 (D. Colo. June 2, 2011) ("The 'lodestar'—the reasonable number of hours spent multiplied by a reasonable hourly rate—is the 'presumptively reasonable' attorneys' fee.") (quoting *Homeward Bound, Inc. v. Hissom Mem'l Ctr.*, 963 F.2d 1352, 1355 (10th Cir. 1992)). The Court finds that

Richfield has demonstrated that it has charged reasonable rates. *See* Docket No. 36-3 at 2-3; Docket No. 37-3 at 2-3; Docket No. 38-4 at 2-3. The Court also concludes, upon review of Richfield's billing records, that it spent a reasonable amount of time on prosecuting this action against the remaining defendants.[2]

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion to Address Specific Dollar Amount of December 10, 2010 Judgment Against Atul Bisaria on the Detroit Note [Docket No. 36] is GRANTED in part and DENIED in part. It is further

**ORDERED** that plaintiff's Motion for Entry of Default Judgment Against Defendant Shubh Hotels Detroit, LLC [Docket No. 37] is GRANTED in part and DENIED in part. It is further

**ORDERED** that plaintiff's Motion for Entry of Default Judgment Against Defendant Atul Bisaria on the Pittsburgh Note [Docket No. 38] is GRANTED. It is further

**ORDERED** that the December 10, 2010 judgment [Docket No. 25] against Atul Bisaria is amended so that judgment as to Count 1 of the First Amended Complaint pursuant to Federal Rule of Civil Procedure 54(b)(1) for the "sum certain" referenced therein shall be for the principal amount of $137,419.00, plus interest in the amount of $54,405.42 as of June 28, 2011, plus attorneys' fees and costs of enforcement of the

---

[2]When calculating the fee and cost awards, Richfield seeks an award of $19,881.18 in attorneys' fees and $604.56 in costs for that aspect of this case relating to enforcement of the Detroit Note. As noted above, Richfield has sought these amounts from both Bisaria and Shubh Detroit without any reference to the award being joint and several.

Detroit Note in the amount of $20,485.74, for a total award of $212,310.16.  It is further

**ORDERED** that final judgment shall enter in favor of plaintiff and against Shubh Detroit as to Count 1 of the First Amended Complaint in the amount of $212,310.16, which sum represents the total of $137,419.00, the principal amount due under the Detroit Note, plus $54,405.42, which sum represents interest due under the Detroit Note at a rate of ten percent (10%), compounded annually from January 1, 2008 through June 28, 2011, plus $20,485.74, which sum represents the amount of attorneys' fees and costs associated with this portion of the action.  It is further

**ORDERED** that the foregoing judgments of $212,310.16 arising out of the Detroit Note are entered against Bisaria and Shubh Detroit jointly and severally.  It is further

**ORDERED** that final judgment shall enter in favor of plaintiff and against Bisaria as to Count 2 of the First Amended Complaint in the amount of $390,411.60, which sum represents the total of $261,249.00, the principal amount due under the Pittsburgh Note, plus $103,430.84, which sum represents interest due under the Pittsburgh Note at a rate of ten percent (10%), compounded annually from January 1, 2008 through June 21, 2011, plus $25,731.76, which sum represents the amount of attorneys' fees and costs associated with this portion of the action.

DATED August 26, 2011.

BY THE COURT:

  s/Philip A. Brimmer  
PHILIP A. BRIMMER  
United States District Judge